IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XAVIER BROOMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1037 (MN) |
| | ) |
| GAETAN MACNAMARA, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Xavier Broomer, Smyrna, Delaware – *Pro Se* Plaintiff

May 13, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On September 16, 2024, Plaintiff Xavier Broomer of Smyrna, Delaware, initiated this civil action pro se alleging civil rights violations pursuant to 42 U.S.C. § 1983 by Defendants Wilmington Police Officer Gaetan MacNamara and Delaware Department of Justice Deputy Attorney General Erika Flaschner. (D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 9). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.     BACKGROUND

The Complaint alleges that Defendants MacNamara and Flaschner violated Plaintiff's Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights by way of wrongful arrest, malicious prosecution, and wrongful imprisonment between September 2022 and May 2023 in Wilmington, Delaware. (D.I. 2). The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

On September 23, 2022, Plaintiff was arrested in Wilmington upon the issuance of a bench warrant for Plaintiff's failure to pay a fine, even though Plaintiff tried to show Defendant MacNamara and the other arresting officers an electronic receipt proving that Plaintiff had paid the fine in question. (D.I. 2 at 4; *see also* D.I. 2-1 at 1). During the arrest, Defendant MacNamara and other officers searched Plaintiff's wife's car that Plaintiff "was not operating, sitting in, and [he] did not possess the keys to" and in which they found Plaintiff's wife's lawfully owned firearm along with Plaintiff's prescription narcotics. (*Id.*). Defendant MacNamara then took the car and drove it to the Wilmington Police station while Plaintiff was transported to the station. (*Id.*). At the police station, Plaintiff was charged with possession of a firearm during the commission of a felony, possession of a firearm by person prohibited, possession of ammunition by person

1

prohibited, carrying a concealed deadly weapon, possession of a substance tier 3 quantity, possession of marijuana and resisting arrest. (D.I. 2-1 at 2).

Following Plaintiff's arrest, Plaintiff stayed in custody for at least seven-and-a-half months. (D.I. 2 at 4; *see also* D.I. 2-1 at 2). Defendant Flaschner was assigned to prosecute Plaintiff's case. (*Id.*). Approximately one week before a scheduled suppression hearing in Plaintiff's case, Defendant Flaschner moved to dismiss all charges against Plaintiff. (*Id.*). Prior to dropping charges, Defendant Flaschner had offered Plaintiff plea deals and attempted to settle the case, despite "seeing the discrepancies in [Plaintiff's] case and the illegal activities carried out by [Defendant MacNamara]." (D.I. 2 at 4).

The Complaint alleges that the foregoing resulted in Plaintiff losing his job and being separated from his family, causing Plaintiff "significant financial losses, including lost wages, emotional distress[,] and pain and suffering," for which he now seeks $150,000 in compensatory damages and $4.5 million in punitive damages. (*Id.* at 5).

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds pro se, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

Even when employing the less stringent standard afforded to pro se litigants, *see Erickson*, 551 U.S. at 94, Plaintiff's claims against Defendant Flaschner warrant dismissal, pursuant to

3

28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), as no facts alleged in the Complaint suggest that Defendant Flaschner's actions fell outside the scope of prosecutorial immunity in this case. *See Imbler v. Pachtman*, 424 U.S. 409, 42 (1976) (discussing how prosecutorial immunity is specifically intended to permit the work of the prosecutor to remain unimpeded when the prosecutor sees fit to move to dismiss a case); *see also Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (discussing when prosecutors receive absolute, as opposed to qualified, immunity, and acknowledging that absolute immunity applies to the actions performed when "functioning as the state's advocate").

On the other hand, the screening provisions of 28 U.S.C. § 1915(e)(2)(B) do not appear to warrant *sua sponte* dismissal of Plaintiff's claims against Defendant MacNamara at the threshold of this case. Accordingly, instructions for service on Defendant MacNamara will be included in the corresponding Order.

### IV.    CONCLUSION

For the above reasons, the Court will dismiss the claims asserted against Defendant Flaschner, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii). Claims asserted against Defendant MacNamara will proceed.

An appropriate Order will be entered.