IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XAVIER BROOMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1037 (MN) |
| | ) | |
| GAETAN MACNAMARA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 24th day of March 2026;

On September 16, 2024, Plaintiff Xavier Broomer, of Smyrna, Delaware, initiated this action by filing a Complaint for Violation of Civil Rights.  (D.I. 2).  Plaintiff moved for, and was granted, leave to proceed *in forma pauperis*.  (D.I. 8, 9).  Following screening pursuant to 28 U.S.C. § 1915(e)(2)(b), Defendant Gaetan MacNamara remained as a defendant.  Presently before the Court is Defendant MacNamara's Motion to Dismiss (D.I. 15), Plaintiff's Motion for Leave to File Amended Complaint (D.I. 22) and Plaintiff's Motion for Electronic Filing Privileges (D.I. 25).[1]  Upon review and consideration, Defendant's motion to dismiss will be denied, Plaintiff's motion to amend will be granted, and Plaintiff's motion for electronic filing rights will be denied with leave to renew.

I.      **BACKGROUND**

This Court previously reviewed and considered the allegations in the complaint (D.I. 10 at 2-3 (summary of complaint allegations)) and concluded that *sua sponte* dismissal of Plaintiff's claims against Defendant was not warranted (*id.* at 5).  In moving for dismissal, Defendant requests

---

[1]     By Oral Order dated March 10, 2026, this case was referred to Magistrate Judge Laura D. Hatcher to hear and resolve all pretrial matters up to and including the resolution of case dispositive motions.  (D.I. 26).  That referral did not include the pending motions.

further consideration of the complete arrest reports (D.I. 16, Exs. A & B) (Plaintiff submitted in partial form along with his complaint (D.I. 2, Ex. C)) as well as additional materials that were not referenced in the complaint (D.I. 16, Exs. C & D).  (D.I. 16 at 8 n.1, n.2, n.3).  Pursuant to Federal Rule of Civil Procedure 12(b), district courts generally do not consider anything beyond the four corners of a complaint on a motion to dismiss, but this Court may consider certain narrowly defined types of material without converting a motion to dismiss to a motion for summary judgment.  *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999).  For example, this Court "may consider documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal citations omitted).  This is because "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotation marks omitted).  Accordingly, this Court now considers the arrest reports attached to the Complaint (D.I. 2, Ex. C) and Defendant's motion (D.I. 16, Exs. A & B), but will not consider the capias and purported Family Court receipt as these documents are outside the four corner of the Complaint and Plaintiff did not appear to rely on them when drafting his Complaint.  (*Id.*, Exs. C & D).

According to the arrest report, Defendant and another law enforcement officer observed Plaintiff leaning on a white Honda Accord while on patrol in Wilmington on September 23, 2022, at approximately 12:29 PM.  (D.I. 2-3 at 3).  The officers recognized Plaintiff, knew he had prior criminal convictions involving drugs, firearms, and resisting arrest, and performed an electronic

2

check for outstanding warrants, which revealed an active capias issued by the New Castle County Family Court on August 19, 2022. (*Id.* at 3-4). Officers approached Plaintiff, at which time Plaintiff entered the Honda Accord and rolled up the windows, before exiting the vehicle and walking away. (*Id.* at 3). Thereafter, an officer approached the Honda Accord and noticed the smell of marijuana coming from inside. (*Id.*). This same officer showed Plaintiff the electronic record of the active capias, and Plaintiff yelled that he had paid and that the capias was no longer active. (*Id.*).

Officers placed handcuffs on Plaintiff and attempted to take him into custody, but Plaintiff began to pull away and tried to pass his cell phone to a third party. (*Id.*). Plaintiff was taken into custody, and officers performed a probable cause search of the Honda Accord, which produced a loaded handgun, a zip lock bag containing 90 oxycodone hydrochloride pills, and 0.5 grams of marijuana. (*Id.* at 1, 6). The Honda Accord was subsequently transported to the police station for further processing. (*Id.* at 1). Unprompted, Plaintiff acknowledged in front of several officers that he knew there was a firearm inside the vehicle. (*Id.* at 6). Plaintiff was subsequently charged with resisting arrest and offenses related to the unlawful possession of a firearm, ammunition, and controlled substances. (*Id.* at 1).

While transporting Plaintiff to the police station, one officer noted that the capias for Plaintiff was "no longer in the system." (*Id.* at 4). After dropping Plaintiff off, officers confirmed with Superior Court staff that the capias had been paid approximately ten minutes after officers had initially observed Plaintiff and checked the electronic system for outstanding warrants. (*Id.*). From this, officers surmised that Plaintiff, or someone on Plaintiff's behalf, may have "cleared" the capias within the first several minutes of the law enforcement encounter. (*Id.*).

## II.    LEGAL STANDARDS

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A possibility of relief is not enough.  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions.  *Id.* at 679.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.    DISCUSSION

In briefing on Defendant's motion to dismiss, Plaintiff contests the timing of the payment of outstanding capias (D.I. 17 at 2-3), argues the vehicular search was not warranted because "Plaintiff was not operating, sitting in, or in possession of the key," (*id.* at 2) and alleges that

4

Defendant's arguments in favor of dismissal rely of "Defendant's own exhibits" (*id.* at 1). Although it is a close call as to whether Plaintiff's Complaint states a claim, and although Defendant's exhibits appear to support its assertions, Defendant has not provided a basis upon which the Court may rely on those documents (the capias and purported Family Court receipt attached to the motion to dismiss but not attached to Plaintiff's Complaint) and the arguments that rely on material outside of the Complaint. Thus, the Court finds the better course is to allow Plaintiff one final opportunity to amend his Complaint and allow Defendant an opportunity to move in a way that would allow the Court to fully consider the arguments presented.[2]

## IV.    CONCLUSION

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1.    Defendant Gaetan MacNamara's Motion to Dismiss Plaintiff's Complaint (D.I. 15) is DENIED.

2.    Plaintiff's Motion for Leave to File Amended Complaint (D.I. 22) is GRANTED. Plaintiff shall review Defendant's motion papers and this order and determine if he wishes to further amend his proposed Amended Complaint (D.I. 22-1). If he wishes to do so, he shall file his further Amended Complaint no later than April 30, 2026. If Plaintiff chooses to stand on the Amended Complaint attached to his motion, he shall file a letter stating such no later than April 30, 2026.

---

[2]    Defendant could presumably move for judgment on the pleadings, or after some period of discovery, summary judgment.

5

3.      Plaintiff's Motion for Electronic Filing Privileges (D.I. 25) is DENIED with leave

to renew.[3]

The Honorable Maryellen Noreika
United States District Judge

_____

[3]      Plaintiff is advised that, per the CM/ECF Registration/Training section of the Court's website, in order to receive authorization to file electronically, a pro se party must indicate in their motion that they have independently reviewed all of the materials and related topics on the Court's web site and that they have a PACER account.